## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DAVID M. WILLIAMS,         )
         )
    Plaintiff,      )
         )
v.         )      CA 11-00235-N
         )
CAROLYN W. COLVIN,      )
Acting Commissioner of Social Security,[1] )
         )
    Defendant.     )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the amended petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 27). Upon consideration of all pertinent materials contained in the file, it is determined that the petitioner should receive a reasonable fee in the amount of **$18,621.50** under the Social Security Act.

## I.    Findings of Fact

Petitioner Byron A. Lassiter, Esquire, was hired by the plaintiff[2] to represent him and his family in connection with claims for Supplemental Security Income benefits on May 6, 2008. (*See* Doc. 27, ¶ 1.) After the plaintiff's claim for a period of disability and Disability Insurance Benefits was denied by an Administrative Law

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Colvin is substituted for Michael J. Astrue as the proper defendant in this case.

[2]    The terms "plaintiff" and "claimant" have the same meaning herein and, accordingly, are used interchangeably.

Judge on October 15, 2009, and the Appeals Council denied the plaintiff's request for review on March 11, 2011 (*see id.*, ¶ 2), the plaintiff and the petitioner agreed, on May 2, 2011, that, upon successful prosecution of his appeal in federal court, the petitioner would be entitled to receive, from the plaintiff's retroactive benefits, an attorney's fee in an amount equal to 25% of the plaintiff's past due benefits (*see id.*, ¶ 3; Doc. 27-1 (the "Fee Agreement – Title II and/or Title XVI")).   The Fee Agreement provides, in part, that if the plaintiff receives a favorable award of the Commissioner, the plaintiff will pay his attorney a "fee equal to 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) . . . prior to any reduction under Section 1127(a) of the Act."[3]   (*See id.*, ¶ 4.)

On December 7, 2011, this Court entered an order (Doc. 19) granting an unopposed motion to remand this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 16).   After this Court's remand, the ALJ rendered a fully favorable decision, dated December 18, 2012, in which she determined that the plaintiff is disabled and entitled to disability insurance benefits commencing June 15, 2007.   (*See* Doc. 27, ¶ 6.)

Based on the three "Notice of Award[s]" from the Administration (Docs. 27-2,

---

[3]      The "term 'combined gross retroactive benefits' [is defined as] the total amount of money to which [the plaintiff] and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on [the plaintiff's] Social Security claim and that SSI past-due benefits are the total amount of money from which [the plaintiff] become[s] eligible through the month SSA effectuates a favorable administrative determination or decision on [the plaintiff's] SSI claim."   (*Id.*, ¶ 3.)

27-3, 27-4)—for the plaintiff, his daughter, and his son, each for child's benefits— it has been calculated that 25% of the past due benefits amount to $23,921.50 (*see* Doc. 27, ¶¶ 8-10; *see also* Docs. 27-3 at 3 (reflecting that $15,956.75 has been withheld "from your past-due benefits to pay your representative"); 27-4 at 1 (reflecting that $3,932 has been withheld "from your past-due benefits to pay your representative"); 27-5 at 2 (reflecting that $4,032.75 has been withheld "from your past-due benefits to pay your representative")).

But, because the petitioner has already been paid $5,300 for administrative attorney fees (*see* Doc. 27, ¶ 11), he is only requesting that $18,621.50 be approved as an attorney's fee for legal services rendered to the plaintiff—which represents the remainder of 25% of the past-due benefits to which the Administration has determined that the plaintiff and his children are entitled under the Act, less the $5,300 the petitioner has received from the Administration for services rendered before it—for the 20 hours the petitioner spent before this Court representing the plaintiff (*see* Doc. 27-2).

## II.     <u>Conclusions of Law</u>

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but

subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[4] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); *see Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002); *see also id.* at 807 ("Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . .   Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.   If the attorney is responsible for delay, for example, a reduction is in order so

---

[4]      "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."   *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

> that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.   If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.   In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable.   In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, including the Second Circuit, in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); *see also Gisbrecht*, 535 U.S. at 799 & 808-09.

In this matter, the Administration has determined that the past-due disability insurance benefits to which the plaintiff and his children are entitled to receive total $95,686 (*see* Docs. 27-3 at 3 ($63,827), 27-4 at 1 ($15,728), 27-5 at 2 ($16,131)); 25% of this amount is $23,921.50.   The contingency agreement, which the plaintiff entered into on May 2, 2011, contemplates attorney's fees of as much as

25% of the past-due benefits following a favorable decision (*see* Doc. 27-1, ¶ 2), and it is apparent to the Court that the amount requested by the petitioner herein ($18,621.50), when combined with the $5,300 the petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits the plaintiff has been awarded in this case.   Moreover, there is no evidence that the petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[5]   Given the length of petitioner's relationship with the plaintiff (more than five years) and the favorable results achieved by petitioner for the plaintiff, the Court considers the requested amount reasonable.

Accordingly, the Court authorizes the petitioner to receive, as a fee for services rendered before this Court, the sum of $18,621.50, which, when added to the $5,300.00 the petitioner has received from the Administration, represents 25% of the total of past-due benefits awarded to the plaintiff.   Upon receipt of this money, the petitioner must then, of course, refund to the plaintiff the smaller attorney-fee award made in this case.  *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner:   Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see also Watford*, 756 F.2d at 1566 n.5

---

[5]      The request, when broken down, renders an hourly rate of approximately $1,196.

("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

**III.**     <u>**Conclusion**</u>

The Court **ORDERS** that the petitioner receive as an attorney's fee for services rendered in this Court for the sum of **$18,621.50** pursuant to 42 U.S.C. § 406(b).   Upon receipt of this award, the petitioner is to refund to the plaintiff the smaller EAJA attorney-fee award paid in this case ($3,616.60 (*see* Docs. 24, 25)).

**DONE** and **ORDERED** this the 29th day of July, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**